*LAURENCE POWERS et al. v. J. S. ERWIN AND T. P. MOORE.

*Contract— Order—Shipment in Time—Agency.*

In an action for the balance of the purchase-money due for certain machinery, the defence and counterclaim was plaintiff's failure to comply with the terms of the contract by not shipping in time, nor according to order, a material part. The plaintiffs replied that they were defendants' agents, and, as to the part in question, it was not included in the order. There was evidence tending to support the defence. The Court instructed the jury to render a verdict that plaintiffs had not failed to comply with their contract: *Held*, to be error.

This was a CIVIL ACTION, tried at September Term, 1890, of ALAMANCE Superior Court, before *MacRae, J.*

---

*AVERY, J., did not sit.

The complaint alleges that the plaintiffs sold to the defendants certain machinery for the consideration alleged, and that there is a balance of the purchase-money due them for the same, which the defendants refuse to pay, etc. The answer admits that such balance was unpaid, but it alleges a counterclaim, the cause of action being damages sustained by reason of the failure of the plaintiffs to deliver promptly to the defendants a certain important piece of machinery specified, as they had agreed and bound themselves to do, which piece of machinery was part of the goods the defendants purchased from the plaintiffs, the price of which, in part, they seek to recover by this action. The reply denies the alleged counterclaim, and alleges that the plaintiffs were simply the agents of the defendants, charged to purchase from the manufacturers thereof the particular piece of machinery specified—that, as such agents, they purchased the same for the defendants, and are in no way or manner responsible for the delay complained of in shipping and supplying it, or for its defective nature, or for the damages to the defendants occasioned by the delay complained of, etc.

The Court submitted to a jury these issues:

1. Did the plaintiffs fail to comply with their contract with the defendants, as alleged in the answer?

2. What damages, if any, have defendants sustained?

The Court, among other things, instructed the jury as follows:

"The contention of the plaintiffs, Powers & Co., is that the 'sunder' was ordered by them from the Berlin Machine Works at the instance of the defendants and not on their own account, and that they, the plaintiffs, are not responsible to the defendants for any delay in the shipment of the 'sunder' or for any defect in the 'sunder' itself. It appears by the evidence that the plaintiffs were not manufacturers of the piece of machinery called the 'sunder,' and, while they were to furnish this piece of machinery, they were not

to send it direct, but were to order it to be sent at once to defendants from the Berlin Machine Works. If the plaintiffs, then, promptly ordered the machine from the company at Berlin, Wisconsin, and did not assent to nor participate in the delay of the Berlin Machine Works to make prompt shipment, the plaintiffs are not responsible for the failure of the Berlin Works to send the machine forward at once. Neither are they responsible for any delay in the transportation after the same had been delivered to the railroad company.

"The plaintiffs being requested to order the machine from the Berlin Works would not be responsible to defendants for a defect, especially a hidden defect, in that piece of it which broke soon after they put it in operation.

"So, upon all the testimony, I shall have to instruct you that your response to the first issue should be No."

To this charge the defendants excepted.

The jury responded No to the first issue, and judgment was rendered for plaintiffs.

Defendants appealed to the Supreme Court, and assign for error in the charge of his Honor—

1. That he erred in charging and instructing the jury to respond to the first issue No.

*Mr. J. A. Long*, for plaintiffs.
*Mr. J. Parker*, for defendants.

Merrimon, C. J.: The exception must be sustained. There was evidence produced by the defendants on the trial tending directly to prove that the plaintiffs were not the agents of the defendants, but that the latter purchased the piece of machinery in question directly from them, and not from the manufacturers thereof. One of the defendants so expressly testified; the bill of charges rendered by the plaintiffs to the defendants contained an item of charge for it, and

the correspondence put in evidence tended likewise to prove the same fact. There was evidence tending to prove delay in supplying the machinery in question, when, by the terms of the contract, it should have been shipped promptly, etc.

There was evidence—correspondence—going to show that the defendants had repeatedly written the manufacturers of the machine, urging them to hasten the shipment of the same, but this correspondence did not develop—certainly not in terms—any contract of sale on the part of the manufacturers to the defendants. The mere fact that the latter urged the former to hasten the shipment of the machine could not, necessarily, prove that the plaintiffs were the defendants' agents to purchase the same. In any view of the evidence, the Court ought not to have instructed the jury to render a verdict in the negative upon the first issue submitted to them. At least it should have submitted the question of agency, with appropriate instructions.

There is error. The defendants are entitled to a new trial, and we so adjudge. To that end, let this opinion be certified to the Superior Court

Error.